UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEDVIENO D'BARGE MAYES,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY COURTS, et. al.,<br><br>Defendants. | No. 2:24-cv-0459 TLN CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On February 19, 2025, the court recommended that this action be dismissed for plaintiff's failure to file an amended complaint. Plaintiff actually did file a timely amended complaint, but it was mistakenly filed in another case. Good cause appearing, the court will vacate the February 19, 2025, findings and recommendations.

As plaintiff already knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

As in his original complaint, plaintiff complains about criminal proceedings against him in San Joaquin County in 2013. There are two main problems with plaintiff's claims. First, the limitations for § 1983 claims arising in California is two years. Colony Cove Properties v. City of Carson, 640 F.3d 948, 956 (9th Cir. 2011). Second, plaintiff cannot proceed on a §1983 claim for damages if the claim implies the invalidity of a criminal conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff cannot proceed on a § 1983 claim for damages concerning a criminal conviction or sentence unless the conviction or sentence has been nullified in criminal or other proceedings. Id. at 486-87. That does not appear to be the case here.

Plaintiff's amended complaint must be dismissed for failure to state a claim upon which relief can be granted. Because the court has already provided instruction to plaintiff as to how he might state a claim upon which he can proceed, granting leave to amend a second time appears futile. Therefore, leave to file a second amended complaint is not granted.

In accordance with the above, IT IS HEREBY ORDERED that the court's February 19, 2025, findings and recommendations are vacated.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (ECF No. 21) be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
maye0459.frs

2